**George BUSSEY, Plaintiff,**

v.

**SEABOARD COAST LINE RAILROAD COMPANY doing business as the Georgia Railroad, Defendant.**

**Civ. A. No. 1530.**

United States District Court,
S. D. Georgia,
Augusta Division.

Nov. 9, 1970.

Lamar C. Walter, Lindsay A. Hardin, Augusta, Ga., for plaintiff.

W. M. Fulcher, Augusta, Ga., for defendant.

ORDER

LAWRENCE, Chief Judge.

Plaintiff has moved to remand this case to the court from which it was removed.

On November 21, 1969, plaintiff filed an action against The Georgia Railroad in the Superior Court of Columbia Coun-

ty. It was alleged that the defendant is a corporation but the place of incorporation was not shown. Defendant filed an answer on December 12, 1969, stating that The Georgia Railroad is not a legal entity, being a trade name of Seaboard Coast Line Railroad Company, a Virginia corporation.

On January 5, 1970, plaintiff filed an amendment to the complaint changing the name of the defendant to Seaboard Coast Line Railroad Company doing business as The Georgia Railroad. An objection to the amendment was overruled on January 20, 1970. On February 3, 1970, Seaboard Coast Line filed a petition for removal of the suit to this Court and plaintiff has moved to remand the action on the ground that the petition for removal was filed more than thirty days after service.

The question before me is whether the time for removal runs from the date of service where a non-existent corporation is sued and served as a corporation and where subsequently, upon ascertaining that The Georgia Railroad is the trade name of Seaboard Coast Line Railroad Company, the complaint was amended so as to make the latter the defendant. Does the fact that Seaboard Coast Line, when it answered the action in the state court, knew that The Georgia Railroad was not a corporation and the fact that Seaboard Coast Line did business in that name affect the rule that a petition for removal is not too late when by amendment the cause becomes a removable one? 28 U.S.C.A.Supp. § 1446(b); Fred Olsen & Co. v. Moore, D.C., 162 F.Supp. 82; Kelly v. Virginia Bridge & Iron Company, D.C., 203 F. 566; Baker v. Keebler, D.C., 29 F.Supp. 555; 76 C.J.S. Removal of Causes § 26; 32 Am.Jur. Federal Practice and Procedure § 506.

While I have been unable to put my hand upon a reported decision with similar facts, I do not think Seaboard Coast Line lost its right to removal when the removability of the case did not become clear until the complaint was amended. The filing of defensive pleadings in the state court prior to removal does not constitute a waiver of the right to remove if the petition is filed within thirty days after the case becomes removable. 1A Moore's Federal Practice § 0.157; Champion Brick Company of Baltimore County v. Signode Corporation, D.C., 37 F.R.D. 2.

The complaint improperly named as defendant The Georgia Railroad which was described as a corporation. A return of service was made upon "The Georgia Railroad, a corporation." There was no such legal entity. Service on Seaboard Coast Line was not effected by serving "The Georgia Railroad, a corporation." There was no allegation in the complaint that The Georgia Railroad was a trade name. Under the circumstances, Seaboard Coast Line did not have to file a petition for removal until the amendment had cured the defect as to parties. Until such amendment was filed there was *no* defendant, the Georgia Railroad being incapable of becoming a party. The suit was unilateral until the amended complaint denominated Seaboard Coast Line as defendant. See American National Bank of Denver v. National Benefit & Casualty Co. et al., C.C., 70 F. 420, 422. Where timeliness of removal is involved a defendant should not have to speculate about the identity of the person plaintiff is suing.

I will add that when the Judge of the Superior Court allowed the amendment on January 20, 1970, he stated: "It is FURTHER ORDERED that the defendant shall from this date have thirty (30) days within which to file with the United States District Court for the Southern District of Georgia, Augusta Division, a petition for removal of the above stated action."

Plaintiff's motion to remand is denied.