Sheri FOSS and Rod Foss, Plaintiffs,

v.

UNITED STATES of America and
Professional Properties, a
Partnership, Defendants.

No. 88–759–M Civil.

United States District Court,
D. New Mexico.

Feb. 9, 1989.

Randall S. Roberts, Farmington, N.M., for plaintiffs Sheri Foss and Rod Foss.

William L. Lutz, U.S. Atty., and Douglas C. Henson, Asst. U.S. Atty., Albuquerque, N.M., for defendant U.S.

H.R. Thomas, Sager, Curran, Sturges & Tepper, P.C., Albuquerque, N.M., for defendant Professional Properties.

## MEMORANDUM OPINION AND ORDER

MECHEM, Senior District Judge.

This matter came on for consideration on defendant United States of America's (United States) motion to dismiss or in the alternative for summary judgment. Having considered the motion, the response, the material submitted by the parties, and being otherwise fully advised in the premises, I find that the motion is well taken in part and it will be granted in part and denied in part.

### Background

This lawsuit stems from an accident which occurred in the parking lot of a shopping center in Aztec, New Mexico. On the evening of June 3, 1985, plaintiff Sheri Foss was returning to her car after exiting from a United States Post Office located in the shopping center. She tripped over a concrete parking barrier and fell to the ground, injuring her knee. On October 8, 1986, Sheri Foss and her husband Rod Foss filed an administrative claim for damages with the United States Postal Service (Postal Service) for damages arising from the accident. The Postal Service took no action

on the claim for six months, whereupon the Fosses elected to consider such failure to act as a final denial of their claim pursuant to 28 U.S.C. § 2675(a), a provision of the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2671 *et seq.* The Fosses then brought their claim in state court alleging negligence and seeking damages from the United States as well as from Professional Properties, the partnership which owns and manages the shopping center where the accident took place. The United States removed the action to federal court and moved for summary judgment on four separate grounds.

## Discussion

### A. The Derivative Jurisdiction Doctrine and 28 U.S.C. § 1441(e)

The United States first argues that this court does not have jurisdiction over this claim because of what is known as the "derivative jurisdiction doctrine." This rule of law is a "case law gloss" which has been placed on the general removal statute, 28 U.S.C. § 1441. *See,* 1986 U.S.Code Cong. & Admin.News, 1545, 1553. Section 1441 generally provides that defendants may remove to federal court civil cases commenced in state courts over which the federal district courts have original jurisdiction. *Id.* The derivative jurisdiction doctrine, however, operates to bar removal where a case involving an exclusive federal cause of action has been improperly commenced in state court. "The theory [of the rule] is that removal confers only 'derivative jurisdiction' on the federal courts; and therefore, since the state court lacked subject matter jurisdiction of the civil action, the federal court cannot acquire subject matter jurisdiction by removal." *Id.* Consequently, a federal district court to which an exclusive federal cause of action is being removed is required to dismiss the case and further proceedings are then dependent on the plaintiff refiling in federal court. *Id.* Despite the seeming wastefulness of this rule, it had long been the law, *see, Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 24 n. 27, 103 S.Ct. 2841, 2854 n. 27, 77 L.Ed.2d 420 (1983), until Congress acted in 1986 to abrogate the derivative jurisdiction doctrine. *See,* 28 U.S.C. § 1441(e). Section 1441 was amended to include a new subsection which provides:

(e) The court to which such civil action is removed is not precluded from hearing and determining *any* claim in such civil action because the state court from which such civil action is removed did not have jurisdiction over that claim.

*Id.* (emphasis added). Thus, the 1986 amendment by its terms permits removal in all cases where removal was previously barred by the derivative jurisdiction doctrine.

The United States concedes that in enacting § 1441(e), Congress abrogated the derivative jurisdiction doctrine but contends that the plain language of the statute should be ignored when applied to actions brought under the FTCA. The reasons the United States advances for so interpreting § 1441(e) are tenuous and fade away when viewed in light of the clear legislative history of the statute. The House Report (Report) accompanying § 1441(e) commented in speaking of the derivative jurisdiction doctrine that "[w]hatever conceptual legal symmetry the jurisdictional rule may represent, it has no practical benefits." 1986 U.S.Code Cong. & Admin.News, 1553. The Report went on to state that "[t]he purpose of [§ 1441(e) ] is to abolish the present judicial rule that an improvidently brought state civil action, the subject matter of which is within the exclusive jurisdiction of a federal district court, must be dismissed when it is removed to the district court by the defendant under 28 U.S.C. § 1441." *Id.* As if this statement of its purpose were not clear enough, the Report concluded by hammering one more nail into the coffin of the derivative jurisdiction doctrine: "[§ 1441(e) ] eliminates this arcane rule, so wasteful to finite judicial resources." *Id.*

The United States points out, and my research also indicates that there is currently no case law addressing the question of whether § 1441(e) permits removal of an FTCA case. However, there is a growing amount of case law that speaks generally

of § 1441(e) as having abrogated the doctrine of derivative jurisdiction. *See e.g., Domenick Morda and Dr. Archie Bedell v. Marvin Klein, et al.,* 865 F.2d 782, 783 (6th Cir.1989), ("Congress overruled by statute the judicial doctrine of derivative jurisdiction."); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1196 (9th Cir.1988) ("This doctrine, though recently repealed ... still applies to claims commenced in state courts before June 19, 1986."); *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208, 217 (1st Cir.1987) ("... Congress has amended the removal statute, effectively overruling the doctrine of derivative jurisdiction.") This general view of § 1441(e) as being an unqualified repeal of the derivative jurisdiction doctrine, coupled with the plain language of the statute and its clear-cut legislative history, lead me to conclude that § 1441(e) permits removal in a case, such as this one, that is brought under the FTCA.

In addition, I feel compelled to note that I find it disturbing that the United States is now arguing that removal is not permitted under § 1441(e) since the United States is the party who originally sought and obtained removal in this case. It strikes me as strange indeed that the United States would ask for removal only to later argue that, in effect, such removal was improperly granted. Although the United States, in its reply brief, accuses the plaintiffs of engaging in "wasteful gamesmanship," that description would seem to apply with equal force to the role the United States has played in first seeking and then questioning removal of this case.

### B. Duty of the United States to Sheri Foss

■ I find that a genuine issue of material fact exists as to whether the accident occurred inside or outside the area leased by the Postal Service. In addition, a genuine issue also exists as to whether the duty of the Postal Service to provide Sheri Foss with reasonably safe means of ingress and egress extended beyond the precise boundaries of the leasehold. *See, Mitchell v. C & H Transportation Co., Inc.,* 90 N.M. 471, 475, 565 P.2d 342, 346 (1977). Accordingly,

summary judgment is inappropriate on the issue of the United States' duty to Sheri Foss.

### C. Damages Recoverable by Rod Foss— Lost Wages

■ Plaintiffs' complaint alleges that as a direct and proximate cause of Sheri Foss' injuries, both she and her husband were forced to leave their respective jobs for significant periods of time and thereby suffered lost wages. Under New Mexico law, however, compensatory damages can only be recovered by the party who suffered a legal or physical injury. *London v. Bruskas,* 64 N.M. 73, 78, 324 P.2d 424, 427 (1958). Since Rod Foss does not allege any such injury, but merely asserts a right to recover lost wages due to his wife's accident, he is precluded from recovering damages solely on that basis. This is not to say, however, that such damages may not be recoverable by Sheri Foss, either under a community property theory, *see, Douglas v. Douglas,* 101 N.M. 570, 571, 686 P.2d 260, 261 (Ct.App.1984), or under a claim by Sheri Foss that her husband's lost wages were a necessary non-medical expense which was required as a result of her injury. *See,* New Mexico Uniform Jury Instructions—Civil § 13–1805 (1986 Recompilation).

### D. Damages Recoverable by Rod Foss— Loss of Consortium

Rod Foss also seeks damages for loss of consortium. However, in light of the fact that current New Mexico law does not recognize a claim for loss of consortium based on negligent injury to a spouse, *Tondre v. Thurmond–Hollis–Thurmond,* 103 N.M. 292, 293, 706 P.2d 156, 157 (1985), Rod Foss conceded, in his response to the United States' motion for summary judgment, that he is not currently entitled to damages for loss of consortium.

### Conclusion

Accordingly, under the appropriate standard, *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), I con-

clude that the United States has sustained its burden of demonstrating the absence of a genuine issue of material fact as to parts IV and V of its motion and summary judgment is granted as to the following matters:

1. Rod Foss may not seek compensatory damages for lost wages caused by his wife's injury.

2. Rod Foss may not seek damages for loss of consortium. Summary judgment is denied as to all other matters raised in the United States' motion.

IT IS SO ORDERED.