Anthony **BRIZENDINE,** Plaintiff,

v.

**CONTINENTAL CASUALTY COMPANY,** Defendant.

Civ. No. 91–HM–1549–NE.

United States District Court, N.D. Alabama, Northeastern Division.

Sept. 10, 1991.

M. Clay Alspaugh, S. Shay Samples, Hogan Smith Alspaugh Samples & Pratt, Birmingham, Ala., and Joseph M. Cloud, Morris Smith Siniard Cloud Fees & Conchin, Huntsville, Ala., for plaintiff.

John F. Porter, III, Livingston Porter & Paulk, Scottsboro, Ala., for defendant.

## MEMORANDUM OPINION

HALTOM, District Judge.

The above entitled civil action was originally filed on March 20, 1991 in the Circuit Court of Jackson County, Alabama by plaintiff Anthony Brizendine against the defendant *"CNA Insurance Company"* and three fictitious party defendants and was therein designated as "CV–91–76."

The state court complaint consisted of two counts. Count One for breach of contract alleged the breach by CNA Insurance Company of one of its long term disability policies issued by it to Anthony Brizendine, a resident of Jackson County, Alabama, as part of employee benefits provided by Mead Paper Company to its employees. Count Two alleges the defendant insurer's bad faith refusal to pay CNA Insurance Company policy benefits owed to plaintiff.[1]

The defendant designated as "CNA Insurance Company" by plaintiff in the origi-

---

1. Subsequent pleadings in this case show that the defendant insurer covered the plaintiff for disability benefits under the terms and conditions of a Certificate of Insurance issued pursuant and subject to the provisions and conditions of a Group Policy issued to the Mead Corporation for its employees.

nal complaint filed in state court was served with summons and copy of the original complaint *on March 23, 1991.*

On *April 26, 1991* the defendant insurer filed Motion to Dismiss in the state court civil action alleging in support thereof as follows:

1. The defendant as named, CNA Insurance Company, is not a viable entity. *The name "CNA" is a trade name used by Continental Casualty Company* [emphasis supplied].

2. Service of process *upon the proper defendant* was improper and insufficient [emphasis supplied].

3. The service of the summons and complaint *upon the defendant* was improper and insufficient [emphasis supplied].

Under date of *May 30, 1991* the Circuit Court of Jackson County, Alabama entered order in CV–91–76 reading as follows:

### ORDER

The motion to dismiss of the defendant is granted, and the plaintiff is granted ten days within which to amend the complaint.

ORDERED this the 30th day of May, 1991.

(s) Robert L. Hodges
Circuit Judge

On *June 10, 1991* the plaintiff Anthony Brizendine filed in the Circuit Court of Jackson County, Alabama Plaintiff's Amended Complaint bearing the case caption *"Anthony Brizendine, Plaintiff, vs. CNA Insurance Company, et al., Defendants"* which reads in pertinent part as follows:

(1) Omitted.

(2) Plaintiff substitutes the name of Continental Casualty Company wherever the words CNA Insurance Company were used in Plaintiff's original complaint.

(3) Plaintiff has been advised that the correct legal description of CNA Insurance Company is Continental Casualty Company. Plaintiff substitutes the correct legal designation as heretofore described wherever the words CNA Insurance Company were used in Plaintiff's original complaint.

Twenty-nine [29] days later [that is, 29 days from June 10, 1991] and one hundred eight [108] days from the time it was served with summons and copy of the original complaint on March 23, 1991, the defendant Continental Casualty Company *on July 9, 1991* filed *NOTICE OF REMOVAL* in this case alleging, inter alia, as follows:

NOW COMES Continental Casualty Company, *doing business as CNA Insurance Company,* and does file this Notice of Removal and shows unto the Court as follows:

1. The plaintiff, Anthony Brizendine, filed a civil action in the Circuit Court of Jackson County, Alabama. *By amendment served on counsel dated June 10, 1991,* Continental Casualty Company was added as a party defendant. [Last sentence of ¶ 1 omitted].[2]

### [DISCUSSION]

This record clearly shows that the defendant Continental Casualty Company was served with summons and copy of the original state court complaint in this civil action. The defendant insurer's own pleadings attest to such service of process. Moreover, at the moment of such service it instantaneously had notice that it was being sued by the plaintiff Anthony Brizendine in the Circuit Court of Jackson County, Alabama in Civil Action No. CV–91–76 by complaint filed on March 20, 1991 against it under its "tradename" or "PR name" which it obviously widely used to

---

**2.** The allegation "By amendment served on counsel dated June 10, 1991 ..." conflicts with the remainder of the allegation "..., Continental Casualty Company was added as a party defendant." If Continental Casualty Company had been added as a party defendant, copy of the amendment to the complaint and copy of the original complaint together with summons, would have been served on the "newly added defendant." The fact that the Amended Complaint correcting the name of the defendant was served on counsel for the defendant originally designated as "CNA Insurance Company" meaningfully points to the obvious conclusions that the words "CNA Insurance Company" and "Continental Casualty Company" describe and refer to one and the same corporate entity.

engage in the insurance business in the United States. Furthermore, by reference to the two counts of the Brizendine complaint, this defendant was instantaneously put on notice that this lawsuit involved an alleged breach of contract of a CNA Insurance Company long term disability policy issued by it to Anthony Brizendine, a resident of Jackson County, Alabama, as a part of employee benefits provided by Mead Paper Company to its employees. In sum, the receipt by the defendant insurer of the summons and copy of the original complaint in this civil action was

> receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based

as those words are used in 28 U.S.C. § 1446(b). It was therefore incumbent upon the defendant insurer to file its notice of removal in this United States District Court within thirty [30] days from the date of its receipt of the summons and copy of the original state court complaint on March 23, 1991. If the service of process was in fact insufficient, the defendant's removal of the case to federal district court could have been accomplished without waiver of its right to present that defense in federal court by 12(b) motion, Fed.R.Civ.P. Since the Notice of Removal was not filed by the defendant insurer in this federal district court until July 9, 1991 the motion to remand of the plaintiff Anthony Brizendine is due to be granted *for the reason that the defendant Continental Casualty Company has waived its right to remove this action.* Before finalizing this holding, however, the Court proceeds to consider and address the arguments of the defendant insurer in opposition to remand.

What this Court has written in the preceding paragraph *as the law of this case* was indeed presented to this Court as argument in favor of remand submitted by counsel of record for the plaintiff. To that argument, counsel of record for the defendant insurer had this to say on pages 2 and 3 ["Introduction"] of its Memorandum In Opposition to Plaintiff's Motion to Remand:

In the present motion, plaintiff seeks to convince this Court that removal was improper, because removal did not occur until after plaintiff amended his complaint to name the proper party defendant. Plaintiff asserts that although Continental was not named as a defendant in the original complaint and plaintiff's action against "CNA Insurance Company" was dismissed, Continental has waived its right to remove this action. *While creative, this argument ignores the derivative nature of federal removal jurisdiction, requiring the action to be maintainable in the court in which it was filed before removal is proper* [emphasis supplied by the Court]. As set forth below, following the dismissal of plaintiff's complaint, this action could not have been maintained against Continental in any Alabama state court. If the plaintiff had not amended his complaint to name a proper party defendant, there would have been no action to remove. In essence, the argument advanced by the plaintiff would prevent defendants from exercising their rights to remove any action to federal court. This is not the intent of the thirty day removal requirement and should not be recognized by this Court.

Continental Casualty Company argues in Section II [Argument] of its Memorandum In Opposition to Remand that this action was not subject to removal until after plaintiff had filed an action against a viable legal entity and that because this did not occur until June 10, 1991, the removal of this action on July 8, 1991 was timely, citing 28 U.S.C. § 1446(b) which provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The defendant insurer confidently argues [at pages 3 and 4] that binding precedent in the Eleventh Circuit Court of Appeals mandates denial of plaintiff's motion to remand by asserting that it is well established in the Eleventh Circuit that federal removal jurisdiction is "purely derivative in nature," citing *McRory v. Hobart Brothers Company, Inc.*, 732 F.2d 1533, 1535 (11th Cir. 1984) (quoting *Arizona v. Manypenny*, 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981)) and the following proposition of law governing removal [3]:

> If the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there. *Manypenny*, 451 U.S. at 242, n. 17, 101 S.Ct. at 1665, n. 17.

Able counsel of record for the removing defendant earnestly submit in opposition to remand that: "until plaintiff filed his amended complaint, the Circuit Court of Jackson County, Alabama did not have jurisdiction over Continental, because Continental was not properly named in the original complaint" [page 4 of brief]. As authority for that statement, Continental's counsel cite *Cofield v. McDonald's Corporation*, 514 So.2d 953, 954 (Ala.1987), wherein the Alabama Supreme Court held that "in order to sue an intended defendant, the plaintiff is required to properly name the defendant." From this proposition Continental's counsel deduce and submit that under Alabama law if an improperly named defendant is the only named defendant in the complaint, the action is subject to a motion to dismiss.

Continental Casualty Company's counsel of record further argue in brief that the issue presented by the present motion has previously been addressed by the United States District Court for the Southern District of Georgia which found removal to be proper, citing *Bussey v. Seaboard Coast Line Railroad Company*, 319 F.Supp. 281 (S.D.Ga.1970). In *Bussey* plaintiff had sued "The Georgia Railroad" in a Georgia state court on November 21, 1969. The defendant responded to the complaint by filing an Answer stating: "The Georgia Railroad is not a legal entity, being a trade name of Seaboard Coast Line Railroad Company, a Virginia corporation." Thereafter, on January 5, 1970 plaintiff amended the complaint, changing the name of the defendant to "Seaboard Coast Line Railroad Company doing business as the Georgia Railroad." An objection in state court by the defendant railroad company was overruled on January 20, 1970. On February 3, 1970 the defendant railroad company filed a petition for removal. Plaintiff moved to remand on the ground that the petition for removal was filed more than thirty days after service. The district court denied plaintiff's motion, stating: "[t]he filing of defensive pleadings in state court prior to removal does not constitute a waiver of the right to remove if the petition is filed within thirty days after the case becomes removable." The Georgia federal district court further held:

> The complaint improperly named as defendant The Georgia Railroad which was described as a corporation. A return of service was made upon "The Georgia Railroad, a corporation." There was no such legal entity. Service on Seaboard Coast Line was not effected by serving "The Georgia Railroad, a corporation." There was no allegation in the complaint that The Georgia Railroad was a trade name. Under the circumstances, Seaboard Coast Line did not have to file a petition for removal until the amendment had cured the defect as to parties. Until

---

3. Circa 1981.

such amendment was filed there was no defendant, the Georgia Railroad being incapable of becoming a party. The suit was unilateral until the amended complaint denominated Seaboard Coast Line as defendant.

Counsel of record for the defendant insurer laudably calls to the Court's attention [at page 5 of brief] that a contrary result to *Bussey* was reached by the United States District Court for the Northern District of Illinois in *Bogiel v. Teledyne Industries, Inc.*, 542 F.Supp. 45 (N.D.Ill.1982). In *Bogiel*, the plaintiff amended his complaint to designate the defendant by its correct corporate name. *Bogiel*, 542 F.Supp. at 46. The defendant filed a petition for removal within thirty days of plaintiff's amendment to the complaint, but more than thirty days after the original complaint had been filed. *Id.* The court determined the original action could have been maintained in an Illinois state court, because the State of Illinois, unlike the State of Georgia in *Bussey* or the State of Alabama, *has a statute*, permitting actions to be maintained against improperly named defendants. *Id.* at 47. Thus, the *Bogiel* court held removal was untimely.

The concluding portion of Continental's memorandum brief in opposition to remand [at pages 5 and 6] distills its argument against remand as follows:

A contrary result to that advanced by Continental and established in *Bussey* would allow plaintiffs to prevent any defendant from removing an action to federal court in the State of Alabama and other states requiring a proper party defendant before the action may proceed in state court. Under the plaintiff's theory, a misnamed defendant would be required to file a petition for removal, notwithstanding the fact they were not named properly in the suit. If removed, the action would be subject to remand, because of the derivative nature of removal jurisdiction and the fact the action could not be maintained in the court in which it was filed. The plaintiff could then name the proper party defendant after the thirty day removal period had expired, preventing a defendant from exercising his right to remove the action.

Because this action could not be maintained under Alabama law without naming a proper party defendant, removal was not permissible until the filing of the amended complaint on June 10, 1991. The thirty day removal period did not being to toll until this time. Plaintiff's reliance on the relation-back doctrine of Rule 15(c) is misplaced. Continental's removal was timely.

## [JUDICIAL DOCTRINE OF DERIVATIVE JURISDICTION OVERRULED BY CONGRESSIONAL STATUTE]

The right to remove a case from a state to a federal court is purely statutory[4] and therefore is entirely dependent on the will of Congress.[5] Moreover, federal law determines whether the elements of removal jurisdiction have been satisfied.[6]

■ The teaching of the Supreme Court is that we are to look to federal law to determine whether the elements of removal

---

**4.** "This power of removal is not to be found in express terms in any part of the constitution; if it be given, it is only given by implication; as a power necessary and proper to carry into effect some express power. * * * [A]s Congress is not limited by the constitution to any particular mode, or time of exercising it, it may authorize a removal either before or after judgment. The time, the process, and the manner, must be subject to its absolute legislative control." *Martin v. Hunter's Lessee,* (1816) 1 Wheat (14 U.S.) 304, 349, 4 L.Ed. 97.

**5.** *Finn v. American Fire & Casualty Co.,* 207 F.2d 113 (5th Cir.1953), *cert. denied* 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069; *Libhart v. Santa Moni-*

*ca Dairy Co.,* 592 F.2d 1062 (9th Cir.1979) ("the removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress").

**6.** "The removal statute which is nationwide in operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence, the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941).

jurisdiction have been established under the statutes, keeping in mind that removal statutes are strictly construed against removal. *Samrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) 14 Wright, Miller and Cooper, Federal Practice and Procedure, § 3721, pp. 533–37.

■ *Until June 19, 1986 when Congress amended Section 1441 of Title 28 by adding a subsection (e) abolishing the anomalous rule that removal jurisdiction is derivative and a case that was within exclusive federal jurisdiction therefore was nonremovable*[7], *the jurisdiction of a federal district court was essentially derivative of that of the state court and the federal court acquired none upon removal.* Arizona v. Manypenny, 451 U.S. 232, 242 n. 17, 101 S.Ct. 1657, 1665 n. 17, 68 L.Ed.2d 58 (1981). The Supreme Court in *Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939) instructed that "jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have jurisdiction."

*In enacting § 1441(e), Congress clearly abrogated the derivative jurisdiction doctrine.* The House Report (Report) accompanying § 1441(e) commented in speaking of the derivative jurisdiction doctrine that "[w]hatever conceptual legal symmetry the jurisdictional rule may represent, it has no practical benefits." 1986 U.S.Code Cong. & Admin.News, 1553. The Report went on to state that "[t]he purpose of [§ 1441(e)] is to abolish the present judicial rule that an improvidently brought state civil action, the subject matter of which is within the exclusive jurisdiction of a federal district court, must be dismissed when it is removed to the district court by the defendant under 28 U.S.C. § 1441." *Id.* As if this statement of its purpose was not clear enough, the Report concluded by hammer-

ing one more nail into the coffin of the derivative jurisdiction doctrine: "[§ 1441(e)] eliminates this arcane rule, so wasteful to finite judicial resources." *Id.* This Court here notes that this paragraph which principally discusses the legislative history of 1441(e) is essentially taken from *Foss v. U.S.*, 705 F.Supp. 537, 538 (D.N.M.1989), wherein a Postal Service patron and husband brought an action against the United States in state court seeking recovery for injuries sustained on June 3, 1985 when the patron tripped over a concrete parking barrier after exiting from the United States Post Office located in a shopping center in Aztec, New Mexico and fell to the ground, injuring her knee. She and her husband on October 8, 1986 filed an administrative claim for damages with the United States Postal Service which took no action on the claim for six months. The Fosses then brought their claim in state court alleging negligence and seeking damages from the United States as well as from the owner and manager of the shopping center. *The United States removed the action to federal court* and thereupon moved for summary judgment [emphasis supplied].

In *Foss* the United States first argued in federal district court that district courts did not have jurisdiction because of the "derivative jurisdiction doctrine." The government conceded that in enacting 1441(e), Congress abrogated the derivative jurisdiction doctrine but contended that the plain language of the statute should be ignored when applied to actions brought under the Federal Tort Claims Act [FTCA], 28 U.S.C. § 2671 *et seq.* The New Mexico District Court examined and discussed the legislative history of the statute [*supra*] and rejected the argument of the United States that the plain language of the statute should be ignored when applied to actions brought in state court under the FTCA. Said the Court: "[t]here is a growing amount of case law that speaks generally of § 1441(e) as having abrogated the doctrine of derivative jurisdiction" (citing case

7. Judicial Improvements Act of 1985, Public Law No. 99–336 § 3, 100 Stat. 633, 637 (1986).

authorities, 705 F.Supp. at 539).[8]

## CONCLUSION

 The argument of the defendant Continental Casualty Company in opposition to plaintiff's motion to remand that the derivative jurisdiction rule precluded the removal of this case from the Circuit Court of Jackson County, Alabama until plaintiff amended his complaint on June 10, 1991 so as to correctly designate the defendant by its proper name *is hereby rejected by this Court,* principally because of the June 19, 1986 amendment of Section 1441 of Title 28 which added new subsection (e) and purposely abrogated the judicially created doctrine of derivative jurisdiction. There are, however, other valid reasons for holding that this case was removable by the defendant insurer *instanter* when the summons and copy of the original complaint were served upon it on March 23, 1991. One such additional reason is that this was

> receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding was based

as prescribed by 28 U.S.C. § 1446(b). Therefore, this defendant insurer was under duty to file its notice of removal in the federal district court within thirty [30] days of its receipt of the summons and copy of the original complaint. Since the "receipt date" was March 23, 1991 and the "Notice of Removal filing date" was July 9, 1991, the case is obviously due to be remanded because the Notice of Removal was filed far too late. A further reason for remanding this case is that this United States District Court flatly rejects the argument of the defendant insurer that there was no defendant in the case and therefore nothing to remove until plaintiff amended his complaint on June 10, 1991 by correctly naming and designating the defendant as "Continental Casualty Company." When Continental Casualty Company was served with summons and copy of the original complaint in this case on March 23, 1991, the fact that the defendant was designated by its trade name ["CNA Insurance Company"] instead of its true name ["Continental Casualty Company"] did not deprive the Circuit Court of Jackson County, Alabama of *jurisdiction* over this case or over this defendant despite the fact that Alabama law not surprisingly requires a defendant in a state court lawsuit to be properly named. *Cofield v. McDonald's Corporation,* 514 So.2d 953 (Ala.1987), cited by defendant in brief, does not hold that an improperly named defendant in a civil action is the same as no defendant being named in the complaint nor does it hold or remotely suggest that an improperly named defendant in a civil action deprives the court in which the case is filed of jurisdiction over that case or over the improperly named party defendant.[9] Finally, this Court further rejects this defendant's puzzling jurisdictional concept that the Circuit Court of Jackson County, Alabama lost jurisdiction of this civil action when on May 30, 1991 it granted the defendant's motion to dismiss filed on April 26, 1991 and further granted plaintiff ten days within which to amend the complaint. Defendant argues in brief [at page 3] that since plaintiff did not file his amended complaint [correcting the name of the defendant insurer] until June 10, 1991 its removal of this case on July 8, 1991 was timely. Since defen-

**8.** In *Beighley v. Federal Deposit Ins. Corp.,* 868 F.2d 776, 780 n. 8, (1989), the present Fifth Circuit Court recognized that the derivative jurisdiction rule was superseded by statute, 28 U.S.C. § 1441(e). *Nishimoto v. Federman—Backrach & Associates,* 903 F.2d 709, 714 n. 11 (9th Cir.1990); *Baris v. Sulpicio Lines Inc.,* 932 F.2d 1540, 1548 n. 12 (5th Cir.1991).

**9.** When a defendant is improperly named in a civil action filed in an Alabama state court and the case is removable and the defendant desires to remove, the proper course of action to effect the removal and to correct the improper name is to timely file Notice of Removal *and* a 12(b)(4) or 12(b)(5) motion, Fed.R.Civ.P., in the federal district court to which his case is being removed. A defendant in these stated circumstances who desires to remove the case to federal court yet procedurally attacks in state court the failure of the plaintiff to correctly name the defendant and holds its removal effort in abeyance until the defendant is correctly identified and designated by amended complaint does so at its peril, as witness the present case.

dant's counsel is counting days here "one-by-one" in this particular argument seeking to show that the thirty [30] day removal period had not expired at the time of its July 8, 1991 removal effort, the Court in response proceeds to count the days "one-by-one" from the date of service of the summons and copy of the original complaint on the defendant insurer on March 23, 1991 until April 26, 1991 when the defendant filed in state court its motion to dismiss [a period of 33 days] and alternatively until May 30, 1991 when the state court entered order in the state action granting the defendant insurer's motion to dismiss [a period of 68 days]. If the holding of this Court that the thirty [30] day removal period commenced to run the day following the March 23, 1991 date on which summons and copy of the complaint in this civil action were served upon the defendant Continental Casualty Company [10] is correct, and this HM judge has no doubt but that it is, the thirty [30] day removal period had expired in this case three [3] or four [4] days before the defendant insurer on April 26, 1991 filed its motion to dismiss in the state court action. Consequently, any argument to the effect that the state court in question had no jurisdiction over this case or over the party litigants between the time of the May 30, 1991 Order granting the defendant's motion to dismiss and the June 10, 1991 date on which plaintiff's amendment to complaint was filed [correctly designating the defendant insurer] is irrelevant as well as being grossly incorrect.

An appropriate Order granting plaintiff's motion to remand and remanding this case to the state court from which it was removed will be entered for the reasons above stated.

---

**10.** The record in this case clearly shows without dispute that the suit papers in this civil action on March 23, 1991 were served upon Continental Casualty Company although the original complaint designated the defendant insurer by its trade name "CNA Insurance Company."