Domingo CARRERO Valentin et al.,
Plaintiffs,

v.

M. S. KAPLAN COMPANY, Defendant.
Civ. No. 62–58.

United States District Court
D. Puerto Rico,
San Juan Division.
May 12, 1958.

Vincente Geigel Polanco, San Juan, P. R., Juan Mari Bras, Lorenzo Pineiro Rivera, Rio Piedras, P. R., for plaintiffs.

Francisco Ponsa Feliu, Alvaro R. Calderon, Jr., San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

This action is now before the court on plaintiffs' motion to remand.

After considering the pleadings and memoranda filed by the parties, as well as the applicable law on the subject, I am of the opinion that the motion must be denied.

I

As appears from the February 3, 1958, order entered by the Superior Court of Puerto Rico, San Juan Section, from where the action was removed to this Court, and also from the Amended Com-

plaint filed by plaintiffs in conformity with said order, some of the redress sought by plaintiffs herein is predicated on the Fair Labor Standards Act of 1938 as amended (Title 29 U.S.C.A. §§ 201–219), of which this Court has original jurisdiction under Title 28 U.S.C.A. Sec. 1337 (based on Sec. 24(8) of the Judicial Code, 36 Stat. 1092, 1093; Title 28 U.S.C. of 1940, Sec. 41(8)) and under Sec. 16(b) of the F.L.S.A. (Title 29 U.S.C.A. Sec. 216(b)). See Williams v. Jacksonville Terminal Co., 315 U.S. 386, at page 390, 62 S.Ct. 659, at page 663, 86 L.Ed. 914.

■ As the amended complaint does not allege separate and distinct causes of action, but a single cause of action predicated on different grounds, one federal and others not, and the federal ground averred is not plainly wanting in substance, this Court may take jurisdiction over and dispose of the whole case even though later the Federal ground be not established. Hurn v. Oursler, 289 U.S. 238, at pages 245–247, 53 S.Ct. 586, at pages 589–590, 77 L.Ed. 1148.

## II

■ It being, thus, a civil action of which this court has original jurisdiction, the same was subject to be removed to it, by the defendant, pursuant to the provisions of Title 28 U.S.C.A. Sec. 1441(a).

■ Although the Superior Court of Puerto Rico, San Juan Section, also has original jurisdiction of the action under Sec. 16(b) of the F.L.S.A. (Title 29 U.S.C.A. Sec. 216(b), there is no provision in this Act and Section, nor in any other Act of Congress, expressly limiting, restricting or preventing its removal to this Court, as is further required in Title 28 U.S.C.A. Sec. 1441(a) for depriving defendant of the right to removal therein granted. See Asher v. William L. Crow Const. Co., D.C.1953, 118 F.Supp. 495; Green v. Fluor Corp., Ltd., D.C.1954, 122 F.Supp. 224; Buckles v. Morristown Kayo Company, D.C.1955, 132 F.Supp. 555. See also Professor Moore's Commentary on the United States Judicial Code (1949) at p. 215.

## III

■ The petition for removal was not untimely.

(a) Redress under the F.L.S.A. was for the first time requested by the plaintiffs when they filed their amended complaint on February 8, 1958.

It was not until said amended complaint was received by defendant's counsel on February 11, 1958, that the action became removable to this court, as provided in the last sentence of Sec. 1446(b), Title 28 U.S.C.A.

(b) The amended complaint was served upon defendant by depositing a copy thereof in the mails on February 8, 1958.

Under the last sentence of Sec. 1446 (b), Title 28 U.S.C.A., defendant had a period of 20 days which would have expired not earlier than February 28, 1958, within which to file its petition for removal. Said petition was filed much earlier, to wit: on February 21, 1958.

Plaintiffs, however, contend that, defendant had only ten days under Rule 15(a) of the Rules of Civil Procedure for the Courts of Puerto Rico (Title 32 L.P.R.A. Appendix R, p. 599) to plead to the amended complaint and that said period having expired on February 18, 1958, defendant's petition for removal was untimely filed.

Even assuming arguendo that the provisions of the aforesaid rule could be lawfully construed in the sense of shortening the 20 day period granted by the federal law (Title 28 U.S.C.A. Sec. 1446 (b)) to file the petition for removal, I still must find that the latter was timely filed.

Under Rule 6(e) of the Rules of Civil Procedure for the Courts of Puerto Rico (Title 32 L.P.R.A. Appendix R. p. 585), as well as under Rule 6(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., "whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is

**756**

served upon him by mail, 3 days shall be added to the prescribed period".

The amended complaint herein was served on defendant's counsel by depositing a copy thereof in the mails on February 8, 1958. Both under Rule 6(e) of the Rules of the Commonwealth and under Rule 6(e) of the F.R.C.P., the period of ten days provided by Rule 15(a) of the Rules of the Commonwealth, within which defendant was required to do some act or take some proceedings against said amended complaint, was enlarged for three additional days, so that defendant would have had a total period of 13 days, counted from February 8, 1958 and to expire on February 21, 1958, to file its petition for removal. As said petition was filed precisely on February 21, 1958, its filing was timely.

IV

It therefore follows that plaintiffs' motion to remand must be denied.

It is so ordered.