**Jorge ROLON and 32 Other Workmen, Plaintiffs,**

v.

**FLEXICORE COMPANY OF PUERTO RICO, INC., Defendant.**

No. C. 73-63.

United States District Court
D. Puerto Rico,
San Juan Division.

May 8, 1963.

Francisco Colón Giordany, and María Valentín Collazo, San Juan, P. R., for plaintiffs.

McConnell, Valdes & Kelley, San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This action was originally commenced in the Superior Court of the Commonwealth of Puerto Rico, as stated in the complaint "under the protection of Law No. 96 of June 26, 1956; Law No. 379 of May 15, 1948, amended; Federal Fair Labor Standards Act of 1938 as amended; the corresponding Mandatory Decree of the Minimum Wage Board of Puerto Rico, making use of the special procedure established by Law No. 2 of October 17, 1961".

The defendant removed the action to this Court on the ground that the action, in part, was founded on the Fair Labor Standards Act, Title 29 U.S.C.A. 201 et seq. and that it therefore presented a federal question and was removable under Title 28 U.S.C.A. Section 1441. Plaintiffs have moved for a remand of the case to the State court. Title 29 U.S.C.A. Section 216(b), states as follows respecting the jurisdiction of courts to entertain actions to enforce the civil remedies provided by the Fair Labor Standards Act: " * * * Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated".

This Court held, in Carrero Valentin v. M. S. Kaplan Company, D.C., 161 F.Supp. 754, that an action under the Fair Labor Standards Act, originally filed in the local court, is removable to the Federal Court, under Title 28 U.S.C.A. Section 1441(a), as such action involves the construction of an Act of Congress and no provision exists limiting, restricting or preventing its removal so as to deprive a defendant of his right to re-

moval. However, further research on the subject has convinced me that the Carrero case misconstrued the language of Sec. 216(b), and that therefore the ruling in that case was incorrect and must not be followed. In Johnson v. Butler Bros., 162 F.2d 87, 172 A.L.R. 1157, 8th Circuit, the Court held that the right of a plaintiff to maintain an action under Title 29 U.S.C.A. Section 216(b) in a State Court may not be defeated by removal of the action to a Federal Court. The reasoning of the Court is indeed unanswerable:

"The right of action created by the Act, being one which arises under a law regulating commerce, may be enforced in a federal district court, regardless of the amount in controversy or of the citizenship of the parties. 28 U.S.C.A. § 41(8). The right may also be enforced in a state court of competent jurisdiction. See State of Missouri ex rel. St. Louis, Brownsville & Mexico Railway Co. v. Taylor, 266 U.S. 200, 208, 45 S.Ct. 47, 69 L.Ed. 247, 42 A.L.R. 1232. The District Court of Crow Wing County, Minnesota, is unquestionably a court of competent jurisdiction.

"If Congress had omitted from § 16(b) of the Act the words 'in any court of competent jurisdiction,' we think the right of the defendant to remove this case to the federal court could not successfully be challenged. Title 28 U.S.C.A. § 71, authorizes the removal of a 'suit of a civil nature * * *, arising under * * laws of the United States * * *, of which the district courts of the United States are given original jurisdiction * * *.'

"The doubtful question presented is whether Congress, in providing that the right of action created by the Act 'may be maintained in any court of competent jurisdiction,' intended that an action, if brought in the state court, could be maintained there to final judgment, or intended merely that the action might be maintained in the state court if the defendant saw fit not to remove it. This question as to the intent of Congress has given the federal district courts much difficulty. The result is that in some districts cases such as this may be removed and in other districts they may not be removed. For this unfortunate situation the courts are not to blame. It is attributable to the failure of Congress clearly and accurately to express its intent. 'To maintain an action or suit may mean to commence or institute it; the term imports the existence of a cause of action. * * * Maintain, however, is applied to actions already brought, but not yet reduced to judgment * *. In this connection it means to continue or preserve (persevere) in or with; to carry on. * * *' Black's Law Dictionary, 3rd Ed., 1143. The usual dictionary definition of the word 'maintain' is: 'To keep up or carry on (as, to maintain an action or undertaking); persevere in; prosecute; also, to keep in existence or continuance * * *.'

"There can be no just criticism of those courts which have concluded that the language used by Congress was inadequate to disclose a clear intent that actions brought in a state court under the Act should not be removable. However, it is our opinion that Congress, in providing that an 'action to recover such liability may be maintained in any court of competent jurisdiction * * *' and that 'The court in such action shall, in addition to any judgment awarded to the plaintiff * * *, allow a reasonable attorney's fee * * * and costs * * *,' intended not only that the action might be commenced in any court of competent jurisdiction, but that it could be prosecuted to final judgment in the court in which it was commenced. If that was not the intention of Congress, the words 'may be maintained in any court of competent jurisdic-

tion' merely state a truism and are surplusage."

See also annotation in 172 A.L.R. 1161 et seq.

It follows that the motion to remand must be, and it is hereby granted. The Clerk is directed to transmit a certified copy of this order to the Clerk of the Superior Court whence this action was removed.