Frank ZORRILLA, Secretary of Labor, Commonwealth of Puerto Rico, in representation and for the benefit of Porfirio Acevedo Santana and 74 other workmen, Plaintiff,

v.

**PUERTO RICAN CEMENT COMPANY, Inc., Defendant.**

**Civ. A. No. 361–63.**

United States District Court
D. Puerto Rico,
San Juan Division.

March 11, 1964.

As Amended March 25, 1964.

**160**

Manuel Janer-Méndia and José Colón-Gordiany, Department of Labor, Commonwealth of Puerto Rico, San Juan, P. R., for plaintiff.

Trias & Saldaña, San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This action is now before the Court on a Motion to Remand filed by the plaintiff and a motion for leave to file an amended answer filed by the defendant.

The complaint herein was filed by the plaintiff in the Superior Court of the Commonwealth of Puerto Rico, San Juan Part.

In it Frank Zorrilla, as Secretary of Labor of The Commonwealth of Puerto Rico and allegedly in the exercise of the powers to him granted by Act No. 96 of June 26, 1956, as amended, and in behalf of and for the benefit of the employees of the defendant, listed in Exhibit A, attached to said complaint, sues to recover from the defendant, as their employer, the respective amounts allegedly owed by the defendant to each and every one of its said employees for overtime, under The Puerto Rican Act No. 379 of May 15, 1948, plus vacations and other differences between the wages paid and those payable to them, during the years from 1954 to 1962 inclusive.

No federal statute whatsoever is invoked by the plaintiff as the source of the employees' rights to the compensation therein sought.

The respective amounts corresponding to each individual employee listed in said Exhibit A attached to the complaint are much less than $10,000.00.

██ The defendant timely filed in this court its petition for removal alleging that the aforesaid action is one "based on breach of a collective bargaining agreement, of which this court has original jurisdiction under the provisions of Section 301(a) of the Federal Labor-Management Relations Act, 29 USC, Sec. 185(a), and is therefore one which may be removed to this Court pursuant to the provisions of Title 28, United States Code, Section 1441(a)."

Such allegation of the petition for removal does not find any support in the allegations of the complaint filed in the Commonwealth Court.

Even if the allegations of the complaint could be taken as based on any federal statute, all that could be said in this respect would be, at the most, that it is directed to recover liability similar to that provided by the Fair Labor Standards Act of 1938, as amended, which action, under Title 29 U.S.C.A. § 216(b) may be maintained in any court of competent jurisdiction as is the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, from where this action was removed to this Court.

This court has already ruled that such an action is not removable to this court. See: Rolón et al. v. Flexicore Company of Puerto Rico Inc., D.C., 216 F.Supp. 954 (1963).

The action must be, therefore, remanded to the Commonwealth Court from where it was removed to this court.

To defeat plaintiff's right of remand, the defendant is seeking an amendment to its answer and has tendered an amended answer in which it seeks to radically change, without any right thereto, the cause of action alleged by plaintiff in his complaint.

It is significant that defendant, in its original answer filed September 24, 1963, made no reference whatsoever to Sec. 301 (a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a), and limited itself to put in issue the allegations of the complaint.

██ It was not until much after the Motion to Remand was filed and the Court on January 13, 1964, heard argument thereon that the defendant requested leave to amend its answer and tendered its amended answer.

The leave thus requested is hereby denied.