**Angel M. Cosme NIEVES, et al., Plaintiffs,**

v.

**Col. Robert C. DESHLER, C.O., Fort Buchanan, et al., Defendants.**

**Civ. No. 83–0196(PG).**

United States District Court, D. Puerto Rico.

April 15, 1983.

Raymond E. Morales, Asst. U.S. Atty., Hato Rey, P.R., for defendants.

Samuel C. Vázquez Matías, San Juan, P.R., for plaintiffs.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This matter is before the Court upon the motion of plaintiffs to remand this case to the state court.

On October 13, 1982, plaintiffs filed this action in the Superior Court of the Commonwealth of Puerto Rico. Plaintiffs allege in the complaint that the defendants did not pay minimum and overtime wages, in violation of the Fair Labor Standards Act, (hereinafter FLSA) 29 U.S.C. § 201, et seq. and some state statutes. Subsequently, on February 4, 1983, defendants removed the case to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a) and (b), 1442, 1442(a) and 1446. On February 16, 1983, plaintiffs filed a motion to remand this case to the state court. On April 4, 1983, de-

fendants filed an opposition thereto, which plaintiffs replied on April 8, 1983. The matter is now before the Court for an appropriate disposition of plaintiffs' motion to remand.

In support of their motion to remand plaintiffs contend that actions under the FLSA, 29 U.S.C. § 216, may not be removed to the federal court, citing *Rolón v. Flexicore Company of Puerto Rico,* 216 F.Supp. 954 (D.C.P.R.1963); *Virgilio Avilés, et al. v. Commanding Officer, U.S. Army Command, Fort Buchanan, Puerto Rico,* Civil No. 77–211; *Zorrilla v. Puerto Rican Cement Co.,* 227 F.Supp. 159 (D.C.P.R.1964); and *Bintrim v. Bruce Meriless Electric Co.,* 520 F.Supp. 1026 (D.C.Pa.1981). Plaintiffs further allege that the case is not removable under Sections 1442 and 1442(a) because there is no claim against any federal officer nor against the United States of America. Defendants in their motion in opposition to the motion to remand assert that the removal of this action is authorized by 28 U.S.C. § 1441(a) and (b) and may also be removed pursuant to 28 U.S.C. §§ 1442 and 1442(a). For the reasons which follow, the Court concludes that the case was properly removed pursuant to 28 U.S.C. § 1441(a) and (b).[1]

Section 216(b) of the FLSA provides that an action under the FLSA "... may be maintained in any court of competent jurisdiction. With respect to this provision, cases in other jurisdictions are in conflict. Neither the Supreme Court nor the First Circuit Court of Appeals have ever ruled on this issue of removability. The District Court of Puerto Rico in *Carrero v. M.S. Kaplan Co.,* 161 F.Supp. 754 (D.C.P.R., 1958) held that an action under the FLSA being a civil action of which the federal district court had original jurisdiction, the same was removable pursuant to 28 U.S.C. 1441(a). Subsequently, in *Rolón, et al. v. Flexicore Co. of Puerto Rico, Inc., supra,* the Court was of the opinion that the *Carrero* case misconstrued the language of

Section 216(b) of Title 29, U.S.C.A., and that therefore the ruling in that case was incorrect and should not be followed. In *Zorrilla v. Puerto Rican Cement Co., supra,* the court followed the ruling of the *Rolón* case that an action under the FLSA is not removable from the state court to the federal court.

The issue has been presented on only one occasion at the appellate level. In *Johnson v. Butler,* 162 F.2d 87 (8 Cir., 1947), the court's decision that actions under the FLSA were not removable was based on the language "... may be maintained ...", 29 U.S.C. 216(b), which it interpreted as not only granting the plaintiff the right to file his action in state courts, but also the right to prosecute the action to final judgment in that court. Less than a year after the *Johnson* decision, Congress amended Section 1441(a) to provide that civil actions may be removed "(e)xcept as otherwise expressly provided by Act of Congress ...", 28 U.S.C. § 1441(a). Subsequent to the 1948 amendment to Section 1441(a), few courts have continued to follow the *Johnson* rationale that the use of the term "maintain" in Section 216(b) constitutes an express provision against removal under the FLSA. Among those that have followed the *Johnson* reasoning are the *Rolón* and *Zorrilla* cases. However, the growing majority is against interpreting the concurrent jurisdiction clause of the FLSA to prohibit removal because Section 1441 requires an express statement to that effect in the federal statute, e.g., *Hill v. Moss-American, Inc.,* 309 F.Supp. 1175 (N.D.Miss., 1970); *Anthony v. West Coast Drug Co.,* 331 F.Supp. 1279 (W.D.Wash., 1971); *Niswander v. Paul Hardeman, Inc.,* 223 F.Supp. 74, 76 (E.D.Ark., 1963); *Jacobi v. High Point Label, Inc.,* 442 F.Supp. 518 (M.D.N.C., 1977); *Taylor v. Brown,* 461 F.Supp. 559 (E.D.Tenn., 1978). The Court concludes that the better reasoned position is the one followed by the majority. Thus, it being that this civil action is one over which the Court has original jurisdiction under Title

---

1. Since we reach this conclusion, it is not necessary to decide whether the case may also be removed under 28 U.S.C. §§ 1442 and 1442(a).

28 U.S.C.A. § 1337 and under Section 16(b) of the FLSA (29 U.S.C.A. 216(b))[2] and over which defendants had the right to remove to this Court pursuant to 28 U.S.C. § 1441(a) and (b), plaintiffs' motion to remand should be denied.

In view of the above, the Court ORDERS that plaintiffs' motion to remand be and is hereby DENIED.

IT IS SO ORDERED.

---

**2.** Section 218(b)(2) of the FLSA, Title 29 U.S.C., permits a wage claim against non-appropriated fund instrumentalities such as defendants' herein. See *Morales v. Senior Petty Officers' Mess,* 366 F.Supp. 1305 (D.C.P.R., 1973).