Paula JACOBSON, Plaintiff,

v.

HOLIDAY TRAVEL, INCORPORATED, Defendant.

Civ. A. No. 85–C–1654.

United States District Court, E.D. Wisconsin.

June 18, 1986.

Sharren B. Rose, Nelson & Schmeling, Green Bay, Wis., for plaintiff.

Mark A. Peterson, Stephen L. Weld, and Michael E. Perino, Mulcahy & Wherry, S.C., Milwaukee, Wis., for defendant.

## ORDER

REYNOLDS, Chief Judge.

This suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, was originally filed in the Circuit Court for Brown County, Wisconsin, on October 28, 1985. Plaintiff Paula Jacobson claims that she was paid less than the minimum wage and that she is entitled to overtime pay for work performed while employed by the defendant as a tour guide from February 1, 1980 through February 28, 1985. On December 9, 1985, defendant removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff moved pursuant to 28 U.S.C. § 1447(c) for remand to the state court on February 4, 1986. That motion has been fully briefed and is ready for decision.

## FACTS

On November 4, 1985, the defendant was served with the original summons and complaint in this action, which misnamed the defendant "Holiday Travel of Iowa, Incorporated, a/k/a Holiday Travel Services, Inc." While defendant has used the name "Holiday Travel Service, Inc." on the stubs of checks used to pay plaintiff's salary, defendant's registered corporate name is "Holiday Travel, Inc." ("HTI"). An amended summons and complaint, which names the defendant "Holiday Travel, Incorporated," was filed on November 12, 1985, and served on defendant on November 18, 1985. HTI appended to its petition for removal only plaintiff's amended summons and complaint.

Both the original and the amended complaints alleged state court jurisdiction pursuant to the concurrent jurisdiction provision of the FLSA, 29 U.S.C. § 216(b). Miss Jacobson is an adult resident of Green Bay, Wisconsin. HTI is a Wisconsin corporation with its registered office in Eau Claire, Wisconsin. HTI maintains another office in Green Bay, Wisconsin.

## LEGAL ANALYSIS

A. *No Express Prohibition Against Removal in 29 U.S.C. § 216(b)*

■ Miss Jacobson argues that this Court should construe the phrase of 29 U.S.C. § 216(b), "action ... may be *maintained* ... in Federal or State court*" (emphasis added), to prohibit removal of FLSA cases filed in state court. While the Court is sympathetic with the argument that removal may cause undue hardship to an FLSA plaintiff who cannot afford to prosecute his claim in a distant federal forum, *see Haun v. Retail Credit Co.*, 420 F.Supp. 859, 862 (W.D.Pa.1976), the legislative history of § 216(b) does not support the contention that Congress, by use of the word "maintain," intended to prevent removal in such cases. *See Swettman v. Remington Rand, Inc.*, 65 F.Supp. 940, 943–44 (S.D.Ill. 1946); *Nieves v. Deshler*, 561 F.Supp. 1173, 1174–75 (D.C.P.R.1983). This is so particularly in light of the removal statute's requirement that exceptions to the right granted by it be "expressly provided by Act of Congress." 28 U.S.C. § 1441(a).

B. *Noncompliance with the Requirements of 28 U.S.C. § 1446(b)*

■ A case removed to federal court may be remanded pursuant to 28 U.S.C. § 1447(c) where the case has been improvidently removed, even though the defect is not jurisdictional. *Skinner v. American Oil Co.*, 470 F.Supp. 229 (S.D.Iowa 1979). Though 28 U.S.C. § 1446(b)'s 30-day limitation for filing the petition for removal is not jurisdictional, it is strictly applied and

remand is appropriate where an action was removable at the time the complaint was served but the defendant failed to file its petition for 30 days. *Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir.1982); *Padden v. Gallaher*, 513 F.Supp. 770 (E.D.Wis.1981); *Antares Oil Corp. v. Jones*, 558 F.Supp. 62 (D.C.Colo.1983); *Hill v. Phillips, Barratt, Kaiser Engineering, Ltd.*, 586 F.Supp. 944 (D.C.Me.1984). HTI petitioned for removal more than 30 days following the date on which it was served with the original complaint. Therefore, if HTI could ascertain from the original complaint that plaintiff's claim was removable, HTI's petition was untimely and should be remanded.

Defendant challenges the sufficiency of the original complaint to state a removable claim only in one particular. HTI contends that it could not ascertain from the original complaint that the case was removable because the complaint misnamed HTI. This argument is without merit. The original complaint identified HTI by a name it used in its business as recently as 1985.* The original complaint also gave the correct addresses both for HTI's registered office in Eau Claire and its office in Green Bay. This identification was more than sufficient to put HTI on notice that it was being sued.

In all other respects the original complaint states a removable claim. It alleges state jurisdiction under the FLSA's concurrent jurisdiction provision, thus notifying HTI of potential federal jurisdiction. The fact that courts have disagreed as to whether removal is permitted under this provision, of course, in no way reflects on the adequacy of the original complaint as a basis for removal.

The Court finds, therefore, that this case was improvidently removed from state court and will grant plaintiff's motion to remand.

---

* There was one minor error in this identification. The original complaint identified defendant as "Holiday Travel of Iowa, Incorporated, a/k/a Holiday Travel Services, Inc.," whereas defendant issued salary checks under the name "Holiday Travel Service, Inc." (no plural "s" on "Service").