**Frank IULIANELLI, Plaintiff,**

v.

**LIONEL, L.L.C., Defendant.**

**No. 01–CV–72989.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 25, 2002.

Paul F. Condino, Mooney & Condino, Southfield, MI, for plaintiff.

Linn A. Hynds, Robert J. Muchnick, Honigman, Miller, Detroit, MI, for defendant.

## OPINION AND ORDER OF REMAND

ROSEN, District Judge.

### I. INTRODUCTION

Plaintiff Frank Iulianelli commenced this action in Macomb County Circuit Court, State of Michigan on October 10, 2000, asserting a single count of wrongful discharge in violation of an alleged just cause provision in Plaintiff's contract with his employer, Defendant Lionel Trains, Inc. Plaintiff's initial complaint apparently included an allegation that his employment contract was evidenced in part by a collective bargaining agreement, thereby indicating that Plaintiff's claim actually arose under, and was completely preempted by, section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

Nevertheless, no effort was made at that time to remove the case to federal court. Instead, the parties' initial battle concerned the proper designation of the Defendant employer. From the incomplete record provided to this Court, it appears that Lionel Trains filed a motion to dismiss in state court, arguing that a different entity, Lionel, L.L.C., had assumed the status and obligations of Lionel Trains as Plaintiff's employer. After several months, Plaintiff apparently conceded this point, and filed an amended complaint on July 3, 2001, naming Lionel, L.L.C. as an additional Defendant. The parties also stipulated to the dismissal of Lionel Trains from the case, and this was accomplished through an order entered by the state court on July 13, 2001.

The amended complaint naming Lionel, L.L.C. as an additional party was served upon this Defendant on July 12, 2001. Just less than a month later, on August 8, 2001, Lionel, L.L.C. removed the case to this Court. The Notice of Removal states that removal is proper in light of Plaintiff's assertion of a federal claim—namely, his breach-of-contract claim, as preempted under the LMRA—and in light of the diversity of citizenship between the remaining parties,[1] with Plaintiff a Michigan resident and Lionel, L.L.C. a New York corporation. The Notice also asserts that removal was timely sought within 30 days after service of the amended complaint upon Lionel, L.L.C.

Because this case was removable from its inception, yet remained in state court

---

1. The dismissed Defendant, Lionel Trains, was a Michigan corporation.

for several months, this Court issued an Order on October 5, 2001, directing Defendant Lionel, L.L.C. to show cause why this case should not be remanded to state court as improperly removed. Defendant filed a response to this Order on October 19, 2001, and Plaintiff filed a reply in opposition to Defendant's response on October 26, 2001. Having reviewed the parties' submissions, the Court concludes, for the reasons set forth below, that this matter must be remanded to state court.

## II. *ANALYSIS*

■ As noted in the October 5 Order, the principal dilemma in Defendant's removal of this action to this Court arises from the fact that the case was removable from its inception, on October 10, 2000, but was not removed until almost ten months later, on August 8, 2001. Typically, such a delay is permissible only where "the case stated by the initial pleading is not removable," but the case "has become removable" through subsequent developments. 28 U.S.C. § 1446(b).[2] As noted, this avenue of removal is not available here, since this case apparently has included, from the outset, a breach-of-contract claim that rests upon the terms of a collective bargaining agreement, and hence is deemed to arise under § 301 of the LMRA. *See* 29 U.S.C. § 185(a); *see also Haber v. Chrysler Corp.*, 958 F.Supp. 321, 327–28 (E.D.Mich.1997).[3] In light of this federal claim, this action was subject to removal from the beginning, and could not have "become" removable through any more recent developments.

Nonetheless, Defendant asserts that its removal of this action was timely and proper under a variation of the "later-served defendant" rule adopted by the Sixth Circuit in *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir.1999). Specifically, in *Brierly*, the Sixth Circuit held that § 1446(b) grants *each* defendant a 30–day period of removal, commencing from the date of service upon *that* defendant. 184 F.3d at 533. The Sixth Circuit subsequently has found, albeit in an unpublished decision, that the rule of *Brierly* extends to the situation where, as here, a later-served defendant was not named in the initial complaint, but only in an amended pleading. *See Campbell v. Johnson*, 201 F.3d 440, 1999 WL 1253098, at *2 (6th Cir. Dec.17, 1999). In light of *Brierly*, as extended by *Campbell*, Defendant contends that its 30–day period of removal

2. This statutory provision states, in its entirety:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred under section 1332 of this title more than 1 year after commencement of the action.
>
> 28 U.S.C. § 1446(b).

3. In its Show Cause Order, the Court noted that it had not been provided with a copy of the initial complaint. Regrettably, in responding to this Order, Defendant still has not furnished a copy of this pleading, leaving the Court to infer its content from various references in the parties' submissions. Nevertheless, the parties apparently agree that the substance of Plaintiff's breach-of-contract claim remains unchanged from his initial complaint.

was triggered only upon Plaintiff's service of an amended complaint which, for the first time, formally named Defendant as a party. There is no question that Defendant removed this action within 30 days after the service of this amended pleading on July 12, 2001.

Under the distinct set of circumstances presented here, however, the Court finds that *Brierly's* "later-served defendant" rule is not controlling. The decision in *Brierly* is based in part upon considerations of "fairness to later-served defendants," and in part upon the absence of any language in § 1446(b) limiting the 30–day period of removal to the first-served defendant. *Brierly*, 184 F.3d at 533.[4] Yet, any concerns of possible unfairness simply do not arise here. Plaintiff's amended complaint asserts—as did his initial complaint, presumably—a single breach-of-contract claim, alleging that his employer breached the parties' contract of employment in 1997 by terminating Plaintiff's employment without just cause. The initial complaint named Lionel Trains, Inc. as the Defendant, and this was, in fact, the company that hired Plaintiff back in 1989. In 1995, however, Lionel Trains sold substantially all of its assets to the present Defendant, Lionel, L.L.C., which then became Plaintiff's employer by virtue of this transaction. Lionel Trains was automatically dissolved on July 15, 1998.

Thus, when Plaintiff brought this suit in October of 2000, the proper Defendant—*i.e.*, the entity that discharged him, allegedly in violation of a just-cause term in his

contract of employment—was not Lionel Trains, but instead was Lionel, L.L.C. At the time of his discharge in 1997, Plaintiff no longer had an employment relationship with Lionel Trains, because its obligations had been assumed by Lionel, L.L.C. This surely must have been apparent to the agent designated to accept service on behalf of the original Defendant, Lionel Trains—and, interestingly, this agent, G. Scott Romney, just happens to be an attorney at the law firm which is representing Defendant Lionel, L.L.C. in this action. Thus, if Lionel, L.L.C. had provided the initial round of pleadings along with its Notice of Removal, the Court strongly suspects that these papers would reveal an immediate assertion by Lionel Trains that Plaintiff had named the wrong party as Defendant.

What the record *does* contain is: (i) a letter dated January 22, 2001, several months prior to the removal of this action, in which Mr. Romney advised Plaintiff's counsel of the 1995 transaction in which Lionel, L.L.C. purchased substantially all of the assets of Lionel Trains; (ii) an order entered by the state court on July 13, 2001 "pursuant to the Motion for Summary Disposition and Attorney's Fees and Costs filed by Defendant Lionel Trains, Inc...., and on the stipulation of the parties," (Notice of Removal, Ex. B),[5] through which Lionel Trains was dismissed from the case; and, of course (iii) the amended complaint naming Lionel, L.L.C. as a Defendant. Moreover, and tellingly, the record *lacks*

---

**4.** The Court acknowledged the limited force of this latter point, recognizing that "[t]he statutory language itself contemplates only one defendant and thus does not answer the question of how to calculate the timing for removal in the event that multiple defendants are served at different times." 184 F.3d at 532.

**5.** Once again, the Court has not been furnished with a copy of the state court motion filed by Lionel Trains, but it can safely be assumed that this motion raised the argument that Plaintiff had sued the wrong party. It also is worth noting that the attorney who signed the stipulation on behalf of Lionel Trains was, again, a member of the same law firm that now represents Lionel, L.L.C.

any claim that Lionel, L.L.C. was unaware of this action from its inception, or that there ever was any doubt that Lionel, L.L.C., and not Lionel Trains, was the proper Defendant. In short, the evidence before this Court points decisively toward the conclusion that Plaintiff simply named the wrong party in his initial complaint, and that the two Defendants—if they can even be considered separate entities— were well aware of this error at the very outset of this case.

In light of this, there was no conceivable barrier to the removal of this action promptly after it was brought in October of 2000. A federal claim was stated in the initial complaint, just as in the amended complaint, and it would have been a simple matter under the Federal Rules of Civil Procedure to substitute Lionel, L.L.C. for Lionel Trains as the proper Defendant. *See* Fed.R.Civ.P. 17(a) (providing that "[e]very action shall be prosecuted in the name of the real party in interest," and that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ... substitution of ... the real party in interest"); Fed.R.Civ.P. 21 (providing that "[m]isjoinder of parties is not ground for dismissal of an action," and that "[p]arties may be dropped or added by order of the court ... at any stage of the action and on such terms as are just"). This need for substitution in no way affected the federal-question ground for removal. Neither, in the Court's view, should it alter the *timing* of removal, in the absence

of any suggestion that this result might unfairly threaten or otherwise diminish the opportunity for removal under circumstances such as those presented here.

In nearly every other case involving a misnamed defendant, or even the addition of a new defendant closely aligned with an existing one, the courts have declined to extend the initial 30–day period of removal. *See Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1254–56 (9th Cir.1989); *D. Kirschner & Sons, Inc. v. Continental Casualty Co.*, 805 F.Supp. 479, 481 (E.D.Ky.1992); *Brizendine v. Continental Casualty Co.*, 773 F.Supp. 313 (N.D.Ala. 1991); *Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F.Supp. 970, 971 (N.D.Cal.1989); *Jacobson v. Holiday Travel, Inc.*, 110 F.R.D. 424 (E.D.Wis. 1986); *Bogiel v. Teledyne Industries, Inc.*, 542 F.Supp. 45 (N.D.Ill.1982). *But see Bussey v. Seaboard Coast Line R.R. Co.*, 319 F.Supp. 281 (S.D.Ga.1970).[6] A contrary conclusion would undermine the purpose of the statutory 30–day deadline for removal, as it would supplant this limited period with an open-ended opportunity to be exercised at virtually any time, subject only to the vagaries of state court proceedings and the parties' strategic considerations.[7]

Absent any possible claim of unfairness, Defendant is left only to argue that its removal was proper under the rationale, if not the literal holdings, of *Brierly* and *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). In *Brierly,*

---

**6.** Although, as Defendant suggests, the Sixth Circuit's ruling in *Campbell* might warrant a different result in cases involving the *addition* of a defendant, the Court believes that the above-cited decisions involving the *substitution* of a properly-named for an improperly-named defendant still may serve as persuasive authority.

**7.** Indeed, the premise underlying Defendant's Notice of Removal would apply with equal force even *years* after the suit was brought, or on the eve of a state court trial. Although § 1446(b) includes a one-year outer bound for removal, this limitation period does not apply in actions removed on the basis of federal question jurisdiction.

as noted, the Sixth Circuit's decision was based in part on the absence of express language in § 1446(b) linking the 30–day period of removal to the date upon which the *first* defendant is served. *Brierly*, 184 F.3d at 533. Thus, it was plausible to construe the statute as granting a 30–day period to *each* defendant. Similarly, in *Murphy Brothers*, the Supreme Court held that the 30–day period of removal is triggered only by service of process, and not through the informal receipt of a copy of the complaint; in so holding, the Court found no indication in the language of § 1446(b) that Congress intended to depart from the "traditional understanding" that the duty to participate in litigation commences only upon service of process. *Murphy Brothers*, 526 U.S. at 350–51, 119 S.Ct. at 1326–27. These decisions, taken together, arguably lend support to a somewhat rigid construction of § 1446(b) that would permit removal here, in the absence of any statutory language that expressly dictates otherwise.

This Court, however, cannot accept Defendant's proposed, overly broad reading of *Brierly* and *Murphy Brothers* as precluding any consideration of the issue of notice, or as abrogating any prior case law in which a defendant was charged with a duty to inquire and act promptly in exercising its right of removal. As noted in the October 5 Show Cause Order, the situation here is somewhat akin to the predicament posed in cases of fraudulent joinder, where a defendant seeks to remove an action that ostensibly is not removable under the literal allegations of the complaint.[8] The courts have held that removal must be sought within 30 days, or at most a "reasonable time," after a defendant discovers that a non-diverse co-defendant has been

fraudulently joined in the action. *See, e.g., Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993); *Delaney v. Viking Freight, Inc.,* 41 F.Supp.2d 672, 674 & n. 2 (E.D.Tex.1999); *Beasley v. Goodyear Tire & Rubber Co.,* 835 F.Supp. 269, 273 (D.S.C.1993). Likewise, in diversity cases where the complaint does not expressly allege an amount in controversy in excess of the $75,000 jurisdictional threshold, the courts have imposed upon the removing defendant a duty to inquire, and to act within 30 days after obtaining information that the prerequisites for removal are satisfied. *See, e.g., Bragg v. Kentucky RSA No. 9–10, Inc.,* 126 F.Supp.2d 448 (E.D.Ky. 2001); *Mielke v. Allstate Ins. Co.,* 472 F.Supp. 851 (E.D.Mich.1979). *See generally Holston v. Carolina Freight Carriers Corp.,* 936 F.2d 573, 1991 WL 112809, at *3 (6th Cir. June 26, 1991) ("We hold that § 1446(b) starts the thirty-day period running from the date that a defendant has solid and unambiguous information that the case is removable.").

These decisions, and the standards that they have adopted, belie any contention that the 30–day period for removal begins only when a defendant has been served with a mistake-free pleading that explicitly sets forth the conditions for removal. Rather, the courts have repeatedly construed and applied the 30–day limitation of § 1446(b) in a manner that seeks to ensure the prompt determination of a forum, state or federal, while still affording the defendant a fair opportunity to investigate and weigh the possibility of removal. *Brierly* does not signal a departure from this jurisprudence. To the contrary, the Court, like many before it, *see, e.g., Holston,* 1991 WL 112809, at *3, recognized that § 1446(b) fails to address some of the circumstances

---

**8.** Of course, the analogy is not exact, as the present case *was* removable under the allega-

tions of the initial complaint.

that arise in connection with removal, and weighed the competing policy implications of adopting one or another of the possible interpretations of the statute. *See Brierly*, 184 F.3d at 532–33.

Similarly, the language in § 1446(b) conferring a 30-day opportunity for removal upon "the defendant" does not address, much less unambiguously resolve, a situation like the one presented here, where the initial pleading misnames the defendant. Two competing constructions are possible. Under the one advocated by Defendant, the 30-day period does not begin to run until the true "defendant" is identified and served with an amended pleading that formally cures the initial defect. Alternatively, this aspect of § 1446(b), like others, could be construed in light of information beyond the four corners of the complaint that is known or readily available to the parties. This latter construction, in the Court's view, better serves the objective of prompt determination of a forum, without in any way jeopardizing the defendant's full and fair 30-day opportunity to decide whether to seek removal.

Applying this interpretation here, the result is evident. Long before this case was removed, and perhaps even at its inception, Defendant and its counsel were aware that Plaintiff had misidentified Lionel Trains as his employer, and that Lionel, L.L.C. was the proper party. These two entities are not merely closely aligned, but one is the corporate successor to the other. Moreover, the designated agent for service upon Lionel Trains also serves as counsel for Defendant—or, at least, is a member of the same law firm—so that Plaintiff's service of the initial complaint upon the dissolved corporation arguably sufficed as service upon its successor. Thus, the record not only suggests that Defendant was on notice of this litigation from its earliest days, but strongly indi-

cates that Defendant had actual knowledge of *both* the initial complaint *and* Plaintiff's error in naming Lionel Trains as a party. Under these circumstances, the statutory 30-day period of removal began to run long before Plaintiff served his amended complaint on July 12, 2001, and expired well before Defendant removed this action to this Court on August 8, 2001.

■ Finally, the Court notes that it is Defendant's burden to establish that removal is proper, and that all doubts are to be resolved in favor of the state court's retention of jurisdiction. *Young v. Bailey Corp.*, 913 F.Supp. 547, 550 (E.D.Mich. 1996). Yet, as noted, several items are conspicuously absent from the record, despite the opportunity afforded to Defendant under the October 5 Show Cause Order to furnish additional materials in support of removal. Defendant's failure to avail itself of this opportunity gives rise to the inference that the missing materials would disserve its effort—that, for example, the papers filed in response to the initial complaint would reveal an immediate assertion of the fact that Lionel Trains was not the proper defendant. More generally, Defendant has produced nothing that might suggest a lack of notice of this action from its inception, or the lack of a fair opportunity to ascertain its removability and file a notice of removal within 30 days after service of the initial complaint upon Defendant's corporate predecessor. Accordingly, Defendant has failed to meet its burden of demonstrating the timely and proper removal of this action.

### III. *CONCLUSION*

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that this case be REMAND-

969

ED to Macomb County Circuit Court as improperly removed.