Robert and April BROWN, Individually and as Next Friend of Olivia Brown, and Ashley Brown, Minors, Estate of Sandra Oliveira–Pedrosa, and State Farm Mutual Insurance Company Plaintiffs,

v.

## NEW JERSEY MANUFACTURERS INSURANCE GROUP, Defendant.

No. 3:04CV274.

United States District Court, M.D. Tennessee, Nashville Division.

June 24, 2004.

Henry William Scott, III, Brentwood, TN, for Sandra Olivieria–Pedrosa estate of.

James Henry Drescher, Drescher & Sharp, P.C., Nashvile, TN, for Robert Brown, april Brown.

Amy Adams Gowan, Ortale, Kelley, Herbert & Crawford, Nashville, TN, for state Farm Mut. Auto, Ins. Co.

Barry Lane Howard, Raymond Swen Leathers, Ruth, Howard, Tate & Sowell, Nashville, TN, for New Jersey Re–Insurance Company, incorrectly named as New Jersey Manufacturers Insurance Group in original complaint, but later amended to correct deft name, deft.

### MEMORANDUM

WISEMAN, Senior District Judge.

## I. INTRODUCTION:

Plaintiffs Robert and April Brown, et al. ("Plaintiffs") have brought a Motion to Remand following Defendant New Jersey Re–Insurance Company's ("Defendant") removal of the pending case to federal court pursuant to 28 U.S.C. § 1441. The case was originally filed in state court. Plaintiffs filed a Motion to Remand (Doc. No. 5) and Defendant filed a Response in Opposition to the Motion to Remand (Doc. No. 8). For the reasons discussed below, the Court will GRANT the Plaintiffs' Motion to Remand.

## II. FACTS AND PROCEDURAL HISTORY:

Plaintiffs originally filed this action for declaratory judgment in the Circuit Court for Williamson County, Tennessee after obtaining a default judgment against the Estate of Ms. Sandra Oliveira–Pedrosa. The default judgment stemmed from Defendant's decision to deny coverage to its insured, Ms. Sandra Oliveira–Pedrosa, after she was involved in an automobile accident with Plaintiffs April Brown and Mrs. Brown's two minor children. Ms. Oliveira–Pedrosa was killed as a result of the accident. When Plaintiff filed its declaratory action in state court in October 27, 2003, it committed two errors in naming the opposing party: by naming "New Jersey Manufacturers Insurance Group" as the Defendant in the style of the Complaint and by naming "New Jersey Manufacturers Insurance Company" as the Defendant in the body of the Complaint. In fact, neither name was correct as the proper Defendant was "New Jersey Re–Insurance Company."

Not aware of its error, Plaintiffs had their declaratory judgment Complaint served on "New Jersey Manufacturers Ins. Co., 301 Sullivan Way, West Trenton, NJ 08628." (Drescher Aff. Ex. G at 5). The return receipt indicated that service was made on "Neil Jensen" of the "N.J.M. INS. GROUP" on November 17, 2003. (Id.). On January 6, 2004, Defendant filed a Motion to Dismiss arguing that Plaintiffs had not named the correct defendant in their suit. Defendant also stated that New Jersey Manufacturers Insurance Company never issued a policy to Ms. Oliveira–Pedrosa and that the New Jersey

Manufacturers Group was a non-entity whose name was used simply to refer to four collective companies: New Jersey Manufacturers Insurance Company, New Jersey Re–Insurance Company, New Jersey Casualty Insurance Company, and New Jersey Indemnity Insurance Company.

After discovering their error, Plaintiffs filed a Motion to Amend Complaint naming New Jersey Re–Insurance Company as the proper defendant. Defendant did not contest the motion and the Amended Complaint was served on New Jersey Re–Insurance Company on March 1, 2004. On March 31, 2004, Defendant removed the case to this Court based on diversity jurisdiction.

In their Motion to Remand, Plaintiffs argue that Defendant's waiting until March 31, 2004 violated the 30 day limit that 28 U.S.C. § 1446 sets for a defendant to remove a case. Plaintiffs contend that Defendant was on notice of Plaintiff's declaratory action as of November 17, 2003 and that the 30 day time period began then. Defendants respond that their removal was timely considering that they removed exactly 30 days after being served with the Amended Complaint.

In support of their Motion to Remand, Plaintiffs allege that their error in misnaming the Defendant was caused by confusing letterhead that Defendant used in its communications with Plaintiffs prior to the commencement of this lawsuit. On February 20, 2003, Plaintiff Robert Brown received a letter purportedly from Ms. Oliveira–Pedrosa's insurance company stating that it was investigating the claim that Mr. Brown was pursuing as a result of the accident. (Drescher Aff. Ex. A). The letter was signed by Claims Representative Ann Voss. The upper lefthand corner the letterhead Ms Voss used read, "NJM Insurance Group," whereas the upper righthand corner read, "New Jersey Manufac-

turers Insurance Company" and listed the following address and phone number: "301 Sullivan Way, West Trenton, NJ 08628; 609–883–1300." Although the letter did not affirmatively state that the company had a policy for Ms Oliveira–Pedrosa, the letter contained a subject line heading listing Ms. Oliveira–Pedrosa's name, a number for her insurance policy, a file number, and the correct date of loss.

After Plaintiffs filed their initial lawsuit in state court, Plaintiffs' counsel received a letter from Ms. Oliveira–Pedrosa's actual insurance company on July 29, 2003 stating that it was denying coverage for the accident. (Drescher Aff. Ex. D). This letter, signed by Assistant Secretary & Attorney Blanche D. Vilade, was written on letterhead similar to the one used in the letter to Mr. Brown in February. This letter contained the name "NJM Insurance Group" on the upper left hand corner of the letter but the upper right hand corner contained the name, "New Jersey Re–Insurance Company." The address and phone number listed under the Company's name were the same used for the "New Jersery Manufacturers Insurance Company" in Ms. Voss's letter to Mr. Brown. Moreover, the policy number for Ms. Oliveira–Pedrosa, the company's file number, and the date of loss were identical to those found in Ms. Voss's letter.

Following Ms. Vilade's letter stating that the Company was denying coverage, Plaintiffs obtained a default judgment of $870,000 in state court against the Estate of Ms. Oliveira–Pedrosa. Plaintiffs then filed their declaratory judgment action which, as noted above, was eventually removed to this Court. It is the circumstances surrounding this removal that the Court now considers.

### III. STANDARD OF REVIEW

Federal statutory law authorizes parties to remove civil actions brought in

state courts as long as certain criteria are fulfilled. Two important requirements that must be met before removal is proper are that the District Court must have original jurisdiction over the action and that the party removing the action do so within 30 days after receipt of the initial pleading. 28 U.S.C. § 1441, 1446. The party seeking removal bears the burden of establishing its right thereto. *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989). All doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction. *Union Planters Nat. Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir.1977). The removal statute is to be strictly construed, with all doubts resolved against removal. *Her Majesty*, 874 F.2d at 339; *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994).

## IV. DISCUSSION

The question on the pending motion is whether Defendant's March 31, 2004 removal violated the federal removal statute's time limit for removing a case. 28 U.S.C. § 1446(b) provides that "notice of removal ... shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading ..." The statute continues, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446. The policy considerations behind the 30 day rule have previously been explained by this Court:

> The thirty day limitation mandated by §§ 1446(b) has a dual purpose. On the one hand it forecloses a defendant from adopting a "wait and see" approach in the state court; specifically, it prevents a second bite at the jurisdictional apple if a defendant (belatedly) perceives that the case is proceeding other than to his liking ... On the second hand, the statutory requirement minimizes the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in state court.

*Nasco, Inc. v. Norsworthy*, 785 F.Supp. 707, 710 (M.D.Tenn.1992) (Higgins, J.) (citing *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir.1982)).

Applying the language of the statute to the precise facts of this case, the specific question becomes: did New Jersey Re-Insurance Company receive a copy of the initial Declaratory Complaint through service or otherwise in November 2003 when Plaintiff served the New Jersey Manufacturers Insurance Company? Because the Court answers the question in the affirmative, the Defendant's removal is deemed untimely and the Court will remand this case to the state court.

In support of their Motion to Remand, Defendant points out that because it was not properly served until March 1, 2004, its removal on March 31 was timely. Defendant argues that in cases where multiple defendants are served at different times, the Sixth Circuit has interpreted 28 U.S.C. § 1446(b) to permit "a later-served defendant [ ] 30 days from the date of service to remove a case to federal district court." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir.1999). Defendant suggests that the interpretation of the "30 day" rule as being more patient than strict was reinforced by the Sixth Circuit when it found that parties not included in the original complaint

had thirty days from the time they were served to remove. *Campbell v. Johnson*, 201 F.3d 440, 1999 WL 1253098, *2 (6th Cir.1999) (unpublished).

While these Circuit cases certainly provide judicial gloss to 28 U.S.C. § 1446(b), they do not offer insight into circumstances when the Plaintiff intends to sue only one defendant and he mistakenly sues the wrong business among very closely aligned businesses. Moreover, these cases do not consider the question present here of a *substitution* of the proper party for the closely aligned but improperly named original defendant. For guidance in these circumstances, the Court, with the parties' help, has uncovered several district court cases that are on point and which the Court finds persuasive.

In *Bogiel v. Teledyne Industries*, the Plaintiff, who sought to sue a manufacturer in a products liability case, mistakenly named "Teledyne Precision Cincinnati," a non-entity, as Defendant when the proper party was "Teledyne Industries Inc." 542 F.Supp. 45, 46 (N.D.Ill.1982). Plaintiff committed this mistake notwithstanding his counsel's diligent efforts to learn the proper name of the defendant and despite calling the number listed for Teledyne Precision Cincinnati and being told that this was indeed the company's name. *Id.* at 46. Teledyne Industries Inc., which did not remove the case until more than 30 days after Teledyne Precision was served, argued that the case was not removable until Plaintiff had amended his complaint because the originally named Defendant was a non-entity. *Id.* at 47. The Court found this argument unpersuasive in part because of an Illinois statute permitting cases to proceed against a misnamed defendant but also because "[Defendant] held itself out by a different name, and [Plaintiff] relied on that holding out in drafting his Complaint." *Id.* at 48. The Court concluded that the Defendant's holding itself out under a different name created an "estoppel" type situation. *Id.* at 46 n. 1.

In *Brizendine v. Continental Casualty Co.*, Plaintiff alleged a breach of contract claim against "CNA Insurance Company" which was not a viable entity but instead was a trade name for the proper Defendant, "Continental Casualty Company." 773 F.Supp. 313, 314–15 (N.D.Ala.1991). After Defendant filed a Motion to Dismiss and Plaintiff amended its complaint to name the true Defendant, Defendant removed the case, although it did so over one hundred days from the date of service of the original complaint. *Id.* at 315. The Court concluded that the Defendant's removal was untimely and remanded the case after finding that Defendant had used its trade name widely to engage in the insurance business and that Defendant in fact received service of the original complaint despite Plaintiff's error. *Id.* at 315–316.

A Wisconsin District Court reached the same result as the courts in *Bogiel* and *Brizendine* when faced with a Plaintiff who sued "Holiday Travel Services, Inc." rather than the correct party, "Holiday Travel, Inc." *Jacobson v. Holiday Travel, Inc.*, 110 F.R.D. 424, 425 (E.D.Wis.1986). Defendant waited more than 30 days to remove after being served with the original, albeit defective complaint. *Id.* at 426. The Court found Plaintiff's misnaming the Defendant did not excuse Defendant's delay in removal considering that the original complaint identified the Defendant by a name it had used on check stubs to pay Plaintiff's salary and considering that the complaint gave correct addresses for Defendant's offices. *Id.* Finding that "this identification was more than sufficient to put [Defendant] on notice that it was being sued," the Court remanded the case to the state court. *Id.*

Finally, in *Iulianelli v. Lionel, L.L.C.*, Plaintiff sued Lionel Trains, Inc. for wrongful discharge when it should have sued Lionel, LLC, the corporate successor to Lionel Trains, Inc. 183 F.Supp.2d 962 (E.D.Mich.2002). Upon discovering its mistake, Plaintiff amended its complaint to add Lionel, LLC. *Id.* at 963. Defendant then waited some ten months after the original complaint was filed to remove the case. *Id.* Despite the Plaintiff's error, the Court found that the case was removable from the date of the original complaint's filing and therefore found the Defendant's removal to be untimely. *Id.* at 963–64. The Court rejected the Defendant's reliance on *Brierly* noting that any fairness concerns to later-served Defendants. in that case were not present in the case before it, in part because the attorney/agent who accepted service on behalf of Lionel Trains Inc. was a member of the same law firm that represented Lionel, LLC. *Id.* at 965. The Court also noted the "telling" absence of any claim in the record by Lionel, LLC that it was unaware of the lawsuit from its inception or that there was ever any doubt that it, rather than Lionel Trains, was the proper Defendant. *Id.* at 965–66. The Court concluded that the evidence pointed "decisively toward the conclusion that Plaintiff simply named the wrong party in his initial complaint, and that the two Defendants—if they can even be considered separate entities—were well aware of this error at the very outset of this case." *Id.* at 966.

■ The Court adopts the rationale of the *Bogiel, Brizendine, Jacobson,* and *Iulianelli* courts in finding that the New Jersey Re–Insurance Company was on notice of Plaintiff's originally filed lawsuit even though it was not named in the initial Complaint. Defendant's Motion to Dismiss, filed by the same attorney who filed the pending Motion to Remand, indicates that it was on notice of Plaintiff's suit at least as early as January 6, 2003 and long before its March 31, 2004 removal. Permitting the Defendant to delay removing the case for such a long period would contravene the 30 day rule's purpose of preventing parties from adopting a "wait and see" approach in state court before removing. *See Nasco, Inc. v. Norsworthy,* 785 F.Supp. 707, 710 (M.D.Tenn.1992) (noting purposes of 28 U.S.C. § 1446(b)).

Other parts of the record strongly suggest that Defendant was on notice of Plaintiff's lawsuit from the very beginning. First, the letterhead used by the wrongly named New Jersey Manufacturers Insurance Company and that used by the correctly named New Jersey Re–Insurance Company show that the address and phone number for the two companies are *identical.* Second, the return receipt of service for the original Complaint was stamped "N.J.M. INS GROUP." Given that this same name appears on letterhead used by the New Jersey Re–Insurance Company to write to Plaintiff's counsel, the Court finds it highly likely that Defendant would have received a copy of the initial Complaint. This likelihood is further bolstered by the Defendant's admission in its court filings that the New Jersey Manufacturers Insurance Group is a collective name for four insurance companies that includes New Jersey Re–Insurance Company. Third, because the Defendant in its written communications with Plaintiff held itself out as several different companies[1] it will not now be heard to argue that it is entitled to 30 days beyond the initial date of service because Plaintiff picked the wrong company to sue. Finally, the Court notes that there is a striking absence in the record,

---

1. These letters consistently referenced the same insurance policy number, the same file number, the same date of loss, and that Ms. Oliveira–Pedrosa was the policy holder, yet the identity of the company sending these letters changed.

either by affidavit or by declaration, that Defendant was unaware of the lawsuit from its inception. The totality of these facts leads the Court to the inevitable conclusion that Defendant has failed to meet its burden of establishing that removal of this case was proper.

## V. CONCLUSION

For the reasons explained above, the Plaintiffs' Motion to Remand is GRANTED and the Clerk of the Court is directed to terminate the case file.

An appropriate ORDER will enter.

### *ORDER*

Pending before the Court is a Motion to Remand (Doc. No. 5) filed by Plaintiffs Robert Brown and April Brown individually and as next friends of Olivia and Ashley Brown. The Estate of Sandra Oliveira–Pedrosa and State Farm Mutual Insurance Company, both Plaintiffs, adopt the Motion filed by the Browns (Doc. Nos. 11 & 10). Plaintiffs made their motion after Defendant New Jersey Re–Insurance Company ("Defendant") removed Plaintiffs' declaratory judgment action from state court to federal court. Plaintiffs filed a Memorandum in support of their Motion to Remand (Doc. No. 6) and Defendant responded with its own Memorandum in opposition to the motion (Doc. No. 9). After having carefully considered the positions of all the parties, and for the reasons set forth in the accompanying Memorandum, the Court hereby GRANTS the Plaintiffs' Motion to Remand. In addition, the Clerk will SUBSTITUTE "New Jersey Re–Insurance Company" for "New Jersey Manufacturers Insurance Group" as the correct Defendant on the docket sheet.

It is so ORDERED.